UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

ANGELA G. LINDSAY, an individual,
PENELOPE WRIGHT, an individual,
TIMOTHY E. PIERACCI, an individual,
MICHAEL A. PIERACCI, an individual and
MITCHELL D. PIERACCI, an individual,

    Plaintiffs,

v.

CLAUDIA A. LINDSAY and DONALD W. LINDSAY, individually and as Trustees of the SEIFERT FAMILY TRUST,

    Defendants.

03:05-CV-00305-LRH (RAM)

**O R D E R**

On December 1, 2005, this court held a status conference in the above titled action. During the status conference, the issue arose as to whether the probate exception to federal jurisdiction deprives this court of its jurisdiction over this matter. Upon review of the relevant law and the parties' points and authorities, the court issues this order.

Plaintiffs filed this diversity action on May 24, 2005, alleging that Defendants have breached various fiduciary duties in their roles as co-trustees for the Siefert Family Trust (the "Trust"). In addition to this action, Defendants have initiated two proceedings in the Second Judicial District Court for the State of Nevada. One of the proceedings involves the Trust while the other is a probate proceeding of an asset that is not a part of the Trust. (Defs.' P. & A. Regarding

the Probate Exception at 4.)

In light of these state court proceedings, the court must decide whether the probate exception to federal jurisdiction is applicable to this case. Federal courts have no jurisdiction to probate wills or administer estates. *Markham v. Allen*, 326 U.S. 490, 494 (1946). However, "federal courts of equity have jurisdiction to entertain suits 'in favor of creditors, legatees and heirs' and other claimants against a decedent's estate 'to establish their claims' so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court." *Id*. (quoting *Waterman v. Canal-Louisiana Bank & Trust Co.*, 215 U.S. 33, 43 (1909). The Ninth Circuit applies a two part test to determine whether the probate exception to federal jurisdiction is applicable. *Marshall v. Marshall*, 392 F.3d 1118, 1133 (9th Cir. 2004), *cert. granted*, 126 S.Ct. 35 (2005). "An affirmative answer to either prong requires that the case be dismissed from federal court for lack of subject matter jurisdiction." *Moser v. Pollin*, 294 F.3d 335, 340 (2d Cir. 2002).

The court must first ask "whether the matter is purely probate in nature, in that the federal court is being asked directly to probate a will or administer an estate." *Id*. Second, the court "focuses on whether the matter is probate related by determining whether, by exercising jurisdiction over the matter, the federal court would: (1) interfere with the probate proceedings; (2) assume general jurisdiction of the probate; or (3) assume control over property in custody of the state court." *Id*. The probate exception applies if there is an affirmative answer to any of these questions. *Id*. "The reach of the probate exception encompasses not only direct challenges to a will or trust, but also questions which would ordinarily be decided by a probate court in determining the validity of the decedent's estate planning instrument. Such questions include fraud, undue influence upon a testator, and tortious interference with the testators intent." *Id*.

Applying *Marshall* to the facts of this case, it is undisputed that this action is not a purely probate action as neither party is requesting that the court probate a will or administer an estate.

Defendants, however, argue that this proceeding is probate related because the Second Judicial District Court has jurisdiction to decide issues concerning the Trust. The court disagrees and finds the probate exception inapplicable under the circumstances of this case.

In *Marshall*, Vickie Lynn Marshall, the surviving spouse of J. Howard Marshall II, alleged that the decedent's surviving son, the trustee and executor of the estate, tortiously interfered with an expected inter vivos gift from the decedent. 392 F.3d at 1121. However, the federal proceedings in that case were initiated in bankruptcy court while active probate proceedings were pending in the Texas state courts. *Id*. The Ninth Circuit was ultimately called upon to determine whether the probate exception deprived the federal courts of subject matter jurisdiction. *Id*. at 1131. In analyzing the second prong of the two part test, the Ninth Circuit stated it was "clear that the exercise of federal jurisdiction would and, in this case, did interfere with the Texas probate proceedings." *Id*. at 1135. Specifically, Vickie Lynn Marshall's action, although styled in tort, actually sought to obtain the assets that J. Howard Marshall II allegedly intended to give her. *Id*. The Ninth Circuit found that the action was "in substance nothing more than a thinly veiled will contest." *Id*. (citations omitted). Therefore, the district court negated the power of the Texas probate court by awarding Vickie Lynn Marshall a damage award based upon what the court thought she should have received. *Id*.

In the case at bar, Plaintiffs are seeking damages for the alleged violation of various fiduciary duties. Unlike *Marshall*, the action is not a disguised will contest. This action does not challenge the validity of the trust itself or the distribution of the assets in that trust. Plaintiffs have made no allegations concerning fraud, undue influence upon the testator, or tortious interference with the testator's intent. Although there may be a relationship between this tort proceeding and the state probate proceedings, that relationship does not cause interference with the probate proceedings. *See Breux v. Dilsaver*, 254 F.3d 533 537 (5th Cir. 2001).

A probate proceeding, at its core, concerns determining the validity of a testamentary

3

instrument and administering the decedent's estate.  Here, the only asset that is actually in probate consists of certain oil royalty interests that were not transferred into the Trust.  An adjudication of the tort issues brought in front of this court will not interfere with the state court proceedings regarding the administration of the estate.  At most, a favorable judgment to Plaintiffs may increase the total assets to be distributed.  But, the proceedings in this court will not effect the state court's rulings concerning the actual administration of the estate.  For the foregoing reasons, the Court finds that the probate exception is not applicable to the case at bar.

In addition to the jurisdictional issue, Plaintiffs have asked the court to order that the funds at issue in this case be deposited with the registry of the court.  However, in light of the current restraining order, it is not necessary for the court to make such an order.  In the event the Nevada state court orders a distribution of the trust assets, this court will consider lifting the restraining order to avoid any possible interference with those proceedings.

IT IS THEREFORE ORDERED that Plaintiffs' request for the funds at issue in this case to be deposited with the registry of the court is hereby DENIED.

IT IS FURTHER ORDERED that Defendants shall comply with Plaintiffs' discovery requests immediately, and in no event later than Friday, January 6, 2006.  The parties shall also proceed with such further discovery as needed.

IT IS FURTHER ORDERED that Defendants provide Plaintiffs with available dates for the depositions of the following individuals during January, 2006: Claudia A. Lindsay, Donald W. Lindsay, and the accountants at Horning, Holmberg & Co. who prepared the Seifert Family Trust Compiled Summary Account and the preliminary drafts of the 2002 federal and state income tax returns for Marie Seifert.

IT IS FURTHER ORDERED that all discovery in this action shall be completed within one hundred and twenty (120) days from the entry of this order.

///

1 | The court will be available for a status conference within ten (10) days of the request of
2 | either party.
3 | IT IS SO ORDERED.
4 | DATED this 21st day of December, 2005.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE