UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

ANGELA G. LINDSAY, an individual,
PENELOPE WRIGHT, an individual,
TIMOTHY E. PIERACCI, an individual,
MICHAEL A. PIERACCI, an individual and
MITCHELL D. PIERACCI, an individual,

    Plaintiffs,

v.

CLAUDIA A. LINDSAY and DONALD W.
LINDSAY, individually and as Trustees of the
SEIFERT FAMILY TRUST,

    Defendants.

03:05-CV-00305-LRH (RAM)

<u>ORDER</u>

    Presently before the court is defendants Claudia Lindsay and Donald Lindsay's (collectively, "Defendants") Motion for Order Allowing Payment of Attorney's Fees and Costs (# 43[1]). Plaintiffs Angela Lindsay, Penelope Wright, Timothy Pieracci, Michael Pieracci, and Mitchell Pieracci (collectively, "Plaintiffs") have filed an opposition (# 49), and Defendants replied (# 50). Also before the court is Defendants' Motion for Order Bifurcating Trial (# 51). Plaintiffs have filed an opposition (# 57), and Defendants replied (# 58).

    This is an action challenging the actions of Defendants in relation to the administration of

---

[1] Refers to the court's docket number.

the Seifert Family Trust (the "Trust"). On May 24, 2005, Plaintiffs filed this action asserting the following causes of action: breaches of fiduciary duties, conversion, constructive trust, breach of trust agreement, failure to provide information, failure to keep and render accounts, accounting, injunctive relief, removal of trustees and surcharge, intentional misrepresentation, and punitive damages.

**I. Motion for Order Allowing Payment of Attorney's Fees and Costs**

Defendants have filed a motion requesting that the litigation expenses incurred by them in defending this action be reimbursed from the funds of the trust. Furthermore, Defendants request payment for further reasonable expenses to defend this action. According to Defendants, their financial constraints have prevented them from conducting more than a minimal amount of discovery. Furthermore, Defendants state that their financial constraints have resulted in their inability to defend themselves further. Plaintiffs oppose the motion arguing that litigation expenses must be paid by the trustee individually where the litigation is necessitated by the trustee's breach of a fiduciary duty.

Section 6.9 of the Trust provides, "[t]his trust shall be governed by the laws of the State of California." In California, the allowance of litigation expenses rests in the sound discretion of the court. *Whittlesey v. Aiello*, 128 Cal.Rptr.2d 742 (2002) (citing *Estate of Vokal*, 263 P.2d 64 (Cal. 1953)). "'The underlying principle which guides the court in allowing costs and attorneys' fees incidental to litigation out of a trust estate is that such litigation is a benefit and a service to the trust.'" *Id*. (quoting *Dingwell v. Seymour*, 267 P. 327 (Cal. 1928)). "Consequently, where the trust is not benefited by litigation, or did not stand to be benefited [sic] if the trustee had succeeded, there is no basis for the recovery of expenses out of the trust assets." *Id*.

In the case at bar, the court finds that it would be inappropriate to permit trust assets to be used for the payment of Defendants' litigation expenses. Significant questions have been raised in this action concerning whether certain expenses were incurred to benefit the settlor of the trust or

2

for the benefit of Defendants. Because it is unclear at this time whether this litigation is a benefit to the trust, Defendants' motion is denied. However, in the event that Defendants prevail in this action, Defendants may file a new motion requesting that their litigation expenses be reimbursed from the trust assets.

**II. Motion for Order Bifurcating Trial**

Defendants are seeking to bifurcate the trial arguing that the court should determine what portion of the Trust funds were expended for the personal care of the settlor. Defendants argue that the portion of the Trust funds that were expended for the care of the settlor "comes off the top" of the Trust and should be decided before making a determination regarding the potential liability of Defendants. Defendants contend that, although the cash balance of the Trust exceeds $260,000, the trust may be insolvent as administrative expenses, healthcare expenses, and in-home care expenses have been accrued but not paid to the Defendants. In opposition to the motion, Plaintiffs argue that no valid reason exists for bifurcating the trial.

Rule 42(b) of the Federal Rules of Civil Procedure provides as follows:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

Fed. R. Civ. P. 42(b). Thus, bifurcation is appropriate if it would further convenience, avoid prejudice, or be conducive to expedition and economy. *Id*. This court has broad discretion in determining whether to bifurcate a trial. *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004) (quoting *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002)).

In this case, the court finds that bifurcation is not appropriate as it will not further convenience, avoid prejudice, or be conducive to expedition and economy. The trial in this case

1  will revolve around the conduct of Defendants in their administration of the Trust.  Evidence
2  relating to the expenses incurred by the Trust is relevant to several of Plaintiffs' causes of action.
3  Therefore, it appears likely to the court that a bifurcated trial would result in witnesses having to
4  testify at two separate proceedings.  This potential duplication of evidence and proceedings is likely
5  to increase the litigation costs and delay the final resolution of this case.  For these reasons,
6  Defendants' motion for a bifurcated trial is denied.

7       IT IS THEREFORE ORDERED that Defendants' Motion for Order Allowing Payment of
8  Attorney's Fees and Costs (# 43) is hereby DENIED.

9       IT IS FURTHER ORDERED that Defendants' Motion for Order Bifurcating Trial (# 51) is
10 hereby DENIED.

11      IT IS SO ORDERED.

12      DATED this 22nd day of January, 2007.

15      _____
     LARRY R. HICKS
     UNITED STATES DISTRICT JUDGE

4